# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:                    )

W. R. GRACE & CO., *et al.*,     )

             *Debtors.*     )

W. R. GRACE & CO., *et al.*     )

           *Appellants,*     )

        v.     )

MARGARET CHAKARIAN, *et al.*,     )
AND JOHN DOES 1-1000,     )

           *Appellees.*     )

No. 08-CV-246
Hon. Ronald L. Buckwalter
United States District Judge

---

On Appeal From The United States Bankruptcy Court
For The District of Delaware (Fitzgerald, J.)
Case No. 01-01139, Adversary No. A-01-771

---

## APPELLANTS' BRIEF

---

| | | |
|---|---|---|
| David M. Bernick, P.C. | Barbara M. Harding | Laura Davis Jones |
| Janet S. Baer | Amanda C. Basta | James E. O'Neill |
| Salvatore F. Bianca | Brian T. Stansbury | Timothy P. Cairns |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP | PACHULSKI, STANG, YOUNG & JONES |
| 200 East Randolph Drive | 655 Fifteenth St., NW | 919 N. Market Street, 17th Floor |
| Chicago, IL 60601 | Washington, DC 20005 | Wilmington, DE 19899 |
| (312) 861-2000 | (202) 879-5000 | (302) 652-4100 |

*Counsel for Appellants*

May 28, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION .............................................................................................................1

STATEMENT OF JURISDICTION.................................................................................1

STATEMENT OF THE ISSUE.........................................................................................2

STATEMENT OF THE CASE AND FACTUAL BACKGROUND ...............................2

     A.    The Court Has Acted To Protect The Litigation Of The Core Issues In This Case Since The Commencement Of These Chapter 11 Cases.........................2

     B.    Grace Seeks To Expand The Injunction To Include Claims Against the State of Montana. ......................................................................................4

     C.    The Bankruptcy Court Applies *Pacor* and *Federal-Mogul* Rather Than *Gerard*..................................................................................................6

ARGUMENT.....................................................................................................................7

I.    The Bankruptcy Court Did Not Properly Construe The Relevant Third Circuit Precedent That Governs The Exercise Of Subject Matter Jurisdiction. ...............8

CONCLUSION.................................................................................................................12

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Fagan v. City of Vineland*,
    22 F.3d 1283 (3d Cir. 1994)..................................................................................... 10

*Flesher, et al. v. State of Montana, et al.*,
    Cause No. DV-01-86 (Mont. 19th Jud. Dist. Ct.) ...................................................... 4

*In re Combustion Engineering*,
    391 F.3d 190 (3d Cir. 2004)................................................................................ 10, 11

*In re Federal-Mogul Global Inc.*,
    300 F.3d 368 (3d Cir. 2002),
    *cert. denied sub nom.*
    *DaimlerChrysler v. Official Committee of Asbestos Claimants*,
    537 U.S. 1148 (2003)................................................................................... 6, 7, 11

*In re Federal-Mogul*,
    282 B.R. 301 (Bankr. D. Del. 2002) ....................................................................... 11

*In re W.R. Grace & Co.* (*Gerard v. W.R. Grace & Co.*),
    No. 03-3453, 115 Fed. Appx. 565, 2004 WL 2404546 (3d Cir. Oct. 28, 2004)........ passim

*In re W.R. Grace & Co.*,
    2006 WL 1313190 (D. Del. May 10, 2006) ................................................................ 5

*Pacor v. Higgins*,
    743 F.2d 984 (3d Cir. 1984)............................................................................ 6, 7, 10, 11

*Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., N.V.*,
    310 F.3d 118 (3d Cir. 2002)..................................................................................... 8

*W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*,
    366 B.R. 295 (Bankr. D. Del. 2007) ........................................................................ 6

**Statutes**

11 U.S.C. § 105.................................................................................................... 7, 9

28 U.S.C. § 1292.................................................................................................... 5

28 U.S.C. § 1334(b) .......................................................................................... 2, 6, 7

28 U.S.C. § 158(a)(3)........................................................................................... 1, 5

**Page(s)**

**Rules**

Internal Operating Procedure 5.3 ................................................................................................ 10

## INTRODUCTION

This appeal presents the issue of whether the bankruptcy court has subject matter jurisdiction over a debtor's motion to modify an injunction entered in its own bankruptcy proceeding. This very issue has already been to the Third Circuit in this very litigation, and the Third Circuit declared that it was "a non-issue" because an "adversary proceeding seeking injunctive relief initiated by the debtor in its own chapter 11 case" is "***assuredly*** 'related to' the case, and, further it ***definitely*** 'arose under' the bankruptcy proceeding (and was perhaps even a 'core' proceeding)." *In re W.R. Grace & Co.* (*Gerard v. W.R. Grace & Co.*), No. 03-3453, 115 Fed. Appx. 565, 567-68, 2004 WL 2404546, at *3 (3d Cir. Oct. 28, 2004) (emphasis added). If the bankruptcy court had jurisdiction to enter the injunction in the first place, then it certainly has jurisdiction over a motion to modify the injunction. That straightforward point is the beginning and the end of the matter.

The real issue presented by a debtor's motion to modify an injunction entered in its own bankruptcy proceeding, as the Third Circuit further explained in *Gerard*, is not the bankruptcy court's jurisdiction, but instead whether the requested modification is warranted as an equitable matter. Because the bankruptcy court here erroneously concluded that it lacked jurisdiction to modify the injunction, it never reached the merits of that equitable question. Accordingly, this Court should vacate the bankruptcy court's order and remand for further proceedings.

## STATEMENT OF JURISDICTION

As explained in Grace's Motion for Leave to Appeal, this Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(3). *See* 4/11/08 Motion of W.R. Grace for Leave to Appeal Order Denying Inj. at 6-7 [Adv. Pro. D.I. 494] ("Motion for Leave").

## STATEMENT OF THE ISSUE

Whether the bankruptcy court erred by concluding that it lacked subject matter jurisdiction under 28 U.S.C. § 1334(b) over Grace's motion to modify an injunction entered by the bankruptcy court.

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

**A.    The Court Has Acted To Protect The Litigation Of The Core Issues In This Case Since The Commencement Of These Chapter 11 Cases.**

On April 2, 2001 (the "Petition Date"), Grace filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On the same day, Grace also filed an adversary complaint seeking to stay asbestos-related litigation against various affiliates of Grace and third parties (the "Affiliated Entities") whose purported asbestos liability was derivative of the debtors' liability. *See* 4/2/01 Verified Compl. for Declaratory Inj. Relief [Adv. Pro. D.I. 1].

A temporary restraining order was entered on the Petition Date that specifically sought to protect the bankruptcy court's core jurisdiction, which is the resolution of Grace's personal injury liabilities.  Accordingly, it enjoined the commencement or prosecution of asbestos actions against Grace and other parties that have the potential to interfere with the bankruptcy court's exercise of that core jurisdiction.  In particular, the restraining order was designed—in part—to protect the Affiliated Entities from collateral attacks by the Libby Claimants, who allege personal injury claims arising from Grace's operation of a vermiculate mine in Libby, Montana. On May 3, 2001, the bankruptcy court issued a preliminary injunction barring the prosecution of currently pending actions against the Affiliated Entities.  On January 22, 2002, the court expanded the scope of the preliminary injunction to include certain additional Affiliated Entities and to reinstate the bar against commencement of new actions against Affiliated Entities arising

2

from alleged exposure to asbestos whether indirectly or directly caused by Grace (the "Injunction"). *See* 1/22/02 Order Granting Modified Preliminary Inj. [Adv. Pro. D.I. 87].

Since the entry and modification of the original temporary injunction, the Libby Claimants have mounted a concerted effort to evade the Injunction by launching numerous lawsuits against third-party entities seeking compensation for injuries allegedly caused by exposure to vermiculite originating from Grace's mining operations in Libby. In each case, the Bankruptcy Court has had to act to preserve its jurisdiction.

The first target of the Libby Claimants' efforts was one of Grace's insurers, Maryland Casualty Company ("MCC"). On February 4, 2002, the Libby Claimants sought to modify the Injunction in order to pursue an alleged direct cause of action against MCC. The Bankruptcy Court denied the Libby Claimants' motion and that decision was later affirmed by the Third Circuit in *Gerard*.

Thereafter, the Libby Claimants attempted to pursue asbestos personal injury claims arising from Grace's Montana mining operations, by commencing suit against Montana Vermiculite Company ("MVC"), the former owner of Grace's Montana operations. *See* 7/21/03 Debtors' Mot. to Expand the Prelim. Inj. to Include Actions Against MVC [Adv. Pro. D.I. 153]. Grace moved to expand the injunction to include MVC, and the bankruptcy court subsequently amended the preliminary injunction to stay actions against MVC. *See* 2/28/05 Am. Order Granting Mot. to Expand Prelim. Inj. to Include Actions Against MVC [Adv. Pro. D.I. 358].

After the Court amended the preliminary injunction to include the actions against MVC, the Libby Claimants once again attempted to litigate asbestos personal injury claims arising from Grace's Montana mining operations by pursuing lawsuits against Burlington Northern & Santa Fe Railroad ("BNSF"). On April 11, 2008, after another request by Grace to expand the

injunction, the bankruptcy court issued an order expanding the preliminary injunction to include personal injury actions against BNSF arising from exposure to Grace vermiculite products.

### B.    Grace Seeks To Expand The Injunction To Include Claims Against the State of Montana.

This proceeding involves the Libby Claimants' fourth attempt to pursue actions—outside of the Grace bankruptcy—for injuries allegedly caused by exposure to Grace's vermiculite from its operations in Libby, Montana. Since Grace has filed its Chapter 11 petition, the Libby Claimants have pursued the State of Montana (the "State"), naming the State as a defendant in at least 123 separate actions involving Grace's Montana mining operations (the "Montana Actions"). In those actions, the Libby Claimants allege negligence against the State for failing to warn the Libby Claimants about the risks of asbestos at Grace's work place and mine in Libby, Montana. *See* 11/5/01 Am. Compl. and Jury Demand, *Flesher, et al. v. State of Montana, et al.*, Cause No. DV-01-86 (Mont. 19th Jud. Dist. Ct.) ¶¶ XXIV, XXVII-XXVIII (attached as Ex. 2 to the Motion for Leave) ("Amended Complaint"). The Libby Claimants further allege that these actions "aid[ed] and abett[ed] Grace in the concealment of its abnormally dangerous business activities." *Id.* ¶ XVIII; *see also id.* ¶ XXIV ("The State has thereby aided and abetted .... Grace in the concealment of this enormous human health disaster from the public."). As a consequence of the filing of the Montana Actions, on or about March 25, 2003, the State filed a proof of claim against Grace for contribution and indemnification under Montana statutory and common law for liability potentially arising from the Montana Actions. *See* Claim No. 00006101 (attached as Ex. 2 to the Motion for Leave).

On June 9, 2005, the State filed a motion seeking relief from the automatic stay in order to join Grace as a third-party defendant in the Montana Actions (the "Lift Stay Motion"). *See* 6/9/05 Mot. of State of Montana for Relief from the Automatic Stay [Bankr. Case D.I. 8582]. In

4

that motion, the State alleged that Grace's presence and involvement in the Montana Actions was "mandatory" for the State's defense against the Libby Claimants' allegations and that forcing the State to defend without the presence of Grace "would cause grave harm." 4/9/08 Mot. of State of Montana for Stay Pending Appeal in District Court at 10 [Adv. D.I. 486]. The Lift Stay Motion was opposed by Grace, the Asbestos Property Damage Committee, the Asbestos Personal Injury Claimants' Committee, and the Unsecured Creditors' Committee.

On August 22, 2005, Grace filed a motion to expand the Injunction to include actions against the State (the "Montana Injunction Motion"). *See* 8/22/05 Debtors' Mot. to Expand Its Prelim. Inj. to Include Actions Against the State of Montana [Adv. Pro. D.I. 360]. Concurrent with the Montana Injunction Motion, Grace filed a related motion for leave to file an amended complaint in the adversary proceeding (the "Motion to Amend"). *See* 8/22/05 Debtors' Mot. for Leave to Am. Compl. [Adv. Pro. D.I. 360].

On December 19, 2005, the bankruptcy court heard arguments on Grace's Montana Injunction Motion, Grace's Motion to Amend and the State's Lift Stay Motion. At the conclusion of the hearing, the bankruptcy court indicated that it would take Grace's Montana Injunction Motion and Motion to Amend under advisement. Pending its ruling on the Montana Injunction Motion and the Motion to Amend, the bankruptcy court temporarily stayed the Montana Actions and all other similar actions that have been or may be brought against the State. *See* 12/19/05 Hr'g Tr. at 203-04. This temporary stay was memorialized in a January 17, 2006 Order.[1]

---

[1]    The Libby Claimants appealed the stay order to this Court, arguing that the order was reviewable as a preliminary injunction under 28 U.S.C. § 1292. This Court dismissed the Libby Claimants' appeal because it failed to meet the requirements for an interlocutory appeal under 28 U.S.C. § 158(a)(3). *See In re W.R. Grace & Co.*, 2006 WL 1313190 (D. Del. May 10, 2006).

On April 16, 2007, the bankruptcy court issued a decision denying Grace's Montana Injunction Motion. *See* Mem Op. and Order Denying Grace's Mot. to Expand the Prelim. Inj. [Adv. Pro. D.I. 419 and 420] (Reported as *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 366 B.R. 295 (Bankr. D. Del. 2007)) (the "Injunction Denial Order"). Grace and the State subsequently filed motions for reconsideration. *See* Debtors' Mot. to Alter or Amend the Court's Order Denying Its Request to Expand the Prelim. Inj. to Include Actions Against the State of Montana [Adv. Pro. D.I. 427]; State of Montana's Mot. for Reconsideration of Court's Op. and Order Denying Debtors' Mot. for Expansion of Prelim. Inj. [Adv. Pro. D.I. 426]. After hearing arguments on May 21, 2007, the bankruptcy court took the reconsideration motions under advisement.[2]    On March 31, 2008, the bankruptcy court entered a decision denying the reconsideration motions, the substance of which is described below. *See* 3/27/08 Mem. Op. [Adv. Pro. D.I. 483] and 3/27/08 Order [Adv. Pro. D.I. 484] (the "Reconsideration Order").

### C.    The Bankruptcy Court Applies *Pacor* and *Federal-Mogul* Rather Than *Gerard.*

In both the Injunction Denial Order and the Reconsideration Order, the bankruptcy court concluded that it lacked jurisdiction under 28 U.S.C. § 1334(b) to expand the injunction to include the Montana Actions. The bankruptcy court engaged in an analysis of whether or not there was "related-to" jurisdiction, relying on *Pacor v. Higgins*, 743 F.2d 984 (3d Cir. 1984), and *In re Federal-Mogul Global Inc.*, 300 F.3d 368 (3d Cir. 2002), *cert. denied sub nom. DaimlerChrysler v. Official Committee of Asbestos Claimants*, 537 U.S. 1148 (2003). The bankruptcy court stated that in a "related-to" analysis, the test for whether it could assert jurisdiction over the Montana Actions was "whether 'the outcome of that proceeding could

---

[2]      The Bankruptcy Court also issued another temporary stay order, which the Libby Claimants again appealed. The District Court dismissed that appeal on January 24, 2008 [Adv. Pro. D.I. 474].

conceivably have any effect on the estate being administered in bankruptcy.'" *Injunction Denial Order* at 6-7 (quoting *Pacor*, 743 F.2d at 994.) The bankruptcy court also recognized that the "application of this test has proven to be most difficult with cases involving indemnification and contribution." *Id.* at 7. Reading *Pacor* and *Federal-Mogul* together, the bankruptcy court concluded that there is no "related-to" subject matter jurisdiction under § 1334(b) where the outcome of the third-party litigation "will not be binding on the estate and will not have a direct impact on the estate without additional intervening adjudication." *See Injunction Denial Order* at 11. The bankruptcy court held that it lacked subject matter jurisdiction over third-party litigation "unless there is a contractual indemnity" between Grace and the third-party defendant in the ancillary litigation. *See* 4/21/08 Hr'g Tr. at 33-34 ("[T]he Third Circuit law, as I view it, tells me that ***unless there is a contractual indemnity*** essentially in the concepts of this case ... then ***there is not the type of 105 injunction relief that this Court can do***.") (emphasis added); *see also* Reconsideration Order at 10 ("Allegations of common law indemnification against Debtors ... were found to be an insufficient basis for related-to jurisdiction .... In contrast, MCC in *Gerard* asserted contractual indemnity rights which could have a direct impact on the estate.").

Because the bankruptcy court concluded that it lacked subject matter jurisdiction over the Montana Actions, it did not reach the issue of whether the expansion of the injunction to include the Montana Actions would be appropriate. *See Injunction Denial Order* at 11 ("Without a finding of such [subject matter] jurisdiction, it is unnecessary to conduct an analysis of whether an injunction under § 105(a) is appropriate."). This appeal follows.

## ARGUMENT

The bankruptcy court erred as a matter of law by holding that it lacks subject matter jurisdiction over a debtor's motion to modify an injunction entered in its own bankruptcy proceeding. That holding cannot be squared with the Third Circuit's decision in *Gerard*, which

7

explained that a bankruptcy court "assuredly" has subject matter jurisdiction over such a motion. *See Gerard*, 115 Fed. Appx. at 567-68, 2004 WL 2404546, at **3. Because the bankruptcy court erred as a matter of law by misconstruing governing precedent, its decision is reviewable *de novo. See Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., N.V.*, 310 F.3d 118, 121 (3d Cir. 2002).

## I.    The Bankruptcy Court Misconstrued The Relevant Third Circuit Precedent That Governs The Exercise Of Subject Matter Jurisdiction.

As the Third Circuit explained in *Gerard*, the decision whether a bankruptcy court should issue (or modify) an injunction under 11 U.S.C. § 105 to stay third-party litigation during the pendency of a Chapter 11 case requires a two-step analysis. *See* 115 Fed. Appx. at 567-68, 2004 WL 2404546, at **2. The first step is to ask whether the court has subject matter jurisdiction over the proceeding. *Id.* The second step is to ask whether, under relevant case law, the entry of the injunction is warranted. *Id.* The former is a question of whether a court has the power to act at all. The latter is a question of whether the court should *exercise* that power.

Applying this framework, the *Gerard* court decisively answered the question of subject matter jurisdiction where (as here) a *debtor* seeks the court's protection from the deleterious effect on the estate of litigation against third parties. The decisive answer is that under those circumstances there is subject matter jurisdiction.

*Gerard*, which is law of this case, arose when the Libby Claimants made their first attempt to circumvent the automatic stay. In *Gerard*, the Libby Claimants had sought to modify the § 105 injunction to allow them to pursue claims under a purported independent cause of action against one of Grace's insurers, MCC. *See id.* at 567, 2004 WL 2404546, at **2.

In its refusal to modify the injunction, the bankruptcy court in *Gerard* did not address the issue of subject-matter jurisdiction; rather, it simply refused to modify the injunction on the

8

merits. On appeal, however, the district court reversed the bankruptcy court on the ground that

the bankruptcy court lacked "related-to" jurisdiction over the state court litigation against MCC,

relying on *Pacor* and *Federal-Mogul*. *Id.* The Third Circuit in turn reversed the District Court

on this jurisdictional point, which the Third Circuit characterized as a "detour from the precise

issue that should have been presented on appeal, namely, whether the Bankruptcy Court

improperly refused to modify the scope of the Injunction" under § 105. *See id.* Indeed, the

Third Circuit emphasized that when a debtor seeks protection from litigation that may result in a

collateral determination as to the core issue in the bankruptcy—namely, the debtor's personal

injury liabilities—the bankruptcy court need not engage in an analysis of whether the jurisdiction

is "related-to" the bankruptcy. Rather, the Third Circuit held that when such relief is requested,

that relief is "clearly" within the bankruptcy court's jurisdiction. *See id.* at 567-68. As the Third

Circuit explained:

> Clearly, the ruling on appeal to the District Court resulted from the adversary
> proceeding seeking injunctive relief initiated by the debtor in its own chapter 11
> case. Thus, the proceeding was assuredly "related-to" the case, and further, it
> definitely "arose under" the bankruptcy proceeding (and was perhaps even a
> "core" proceeding). Thus, the issue of bankruptcy court jurisdiction to entertain
> the motion relating to the Injunction was in reality a non-issue. The Injunction
> was issued pursuant to 11 U.S.C. § 105 in the adversary proceeding initiated by
> Grace, and the Bankruptcy Court clearly had jurisdiction to enforce it.

*Id.*

The circumstances here are identical. Here, as in *Gerard*, Grace is asking that the

Bankruptcy Court prevent the Libby Claimants from doing an end-run around the automatic stay

by continuing to bring collateral litigation against third parties seeking the adjudication of

liabilities allegedly caused by exposure to vermiculite that came from Grace's Libby, Montana

mining operations. The adjudication and disposition *in the bankruptcy case* of Grace's liability

for personal injury actions arising from Grace's operation of the Libby mine is central to Grace's

ability to emerge from these bankruptcy cases. Under *Gerard*, the bankruptcy court has jurisdiction to preside over an adversary proceeding initiated by the debtor in the bankruptcy cases to ensure that that very liability is resolved in the bankruptcy cases and not in some other court. *See id.* And the court similarly has jurisdiction to consider whether to modify or expand an existing injunction under the same reasoning. *See id.* As *Gerard* is law of this case, it must be followed by the bankruptcy court. *See, e.g., Fagan v. City of Vineland*, 22 F.3d 1283 (3d Cir. 1994). Accordingly, the bankruptcy court's failure to recognize that *Gerard* dispositively addresses the issue of jurisdiction and to apply this precedent is an error of law that requires reversal of the Injunction Denial Order.[3]

The Libby Claimants try to obfuscate this simple issue by relying on *Pacor*, *Federal-Mogul*, and *In re Combustion Eng'g*, 391 F. 3d 190 (3d Cir. 2004). However, these cases are inapposite. In each of them, the courts were not dealing with adversary proceedings initiated by the debtors that involved core issues in the bankruptcy cases. Accordingly, the courts in those cases were required to engage in the "related-to" jurisdiction inquiry in order to determine whether—though not automatic—the court had the power to exercise jurisdiction over the proceedings.

In both *Pacor* and *Federal-Mogul*, the question before the respective courts was not whether, at the debtor's request, the bankruptcy court should enjoin third-party litigation that had

---

[3]     The fact that the Third Circuit Opinion is marked as "Not precedential" does not make it any less relevant or controlling in this case. According to the Third Circuit's Internal Operating Procedure 5.3, an opinion marked as "not precedential" is so designated because it "appears to have value only to the trial court or the parties . . ." The "not precedential" designation is clearly not intended to suggest that the opinion is not "law of the case" in the precise case in which it was decided and where the court and the parties are the same. Moreover, the Libby Claimants' contention that there are different parties is a red herring. While it is true that the Libby Claimants have chosen to pursue a different nominal defendant, the parties involved in seeking and contesting the expansion of the Injunction (*i.e.*, the Libby Claimants and Grace) have participated each time this issue has come up relating to the various Montana actions brought by the Libby Claimants against, MCC, MVC, BNSF, and the State of Montana.

collateral consequences as to the debtors' underlying liabilities. Rather, the issue was whether, *at the request of the third-party defendants*, the federal bankruptcy court should reach out and remove the Pacor-Higgins action and the Friction Products actions from the state courts and bring them into the federal court system *for all purposes*. *Pacor*, 743 F.2d at 986; *In re Federal-Mogul*, 282 B.R. 301, 303-04 (Bankr. D. Del. 2002). Thus, as the *Gerard* court explained:

> [I]n both *Pacor* and *Federal-Mogul*, the issue presented was whether the Bankruptcy Court had jurisdiction to remove *to* the Bankruptcy Court, and thus hear and decide, in the Bankruptcy Court, litigation pending in state court. But, here, the issue before the Bankruptcy Court was not whether it should exercise jurisdiction over suits pending elsewhere, nor even whether it should enjoin such suits, but, rather, whether it should modify an injunction already entered in the Bankruptcy Court in favor of Grace and MCC.

115 Fed. Appx. at 567, 2004 WL 2404546, at **2 (emphasis in original). Indeed, the *Gerard* court accused the Libby Claimants of "misdirect[ing]" the court's attention to this red-herring jurisdictional issue. *See id.* And in *Combustion Engineering*, bankruptcy protection was being sought not only on behalf of the debtor, but also on behalf of two affiliated companies of the debtor that sold "different products [from the debtor], [which were] involved in different asbestos-containing materials, and were sold to different markets." *In re Combustion Eng'g,* 391 F.3d at 231. This fact created an issue with respect to subject matter jurisdiction over personal injury liabilities that were not derivative of, but rather separate from, the debtors' liabilities. Under these circumstances, the Third Circuit held that there was not "related-to" jurisdiction.

In short, as *Gerard* makes clear (and nothing in *Pacor, Federal-Mogul*, or *Combustion Engineering* calls into question) the issue here is not one of subject matter jurisdiction, but instead one of the propriety of extending the § 105 injunction as an equitable matter. Because the bankruptcy court did not address that issue, this Court should remand this proceeding to the bankruptcy court to do so.

11

**CONCLUSION**

For the foregoing reasons, this Court should vacate the bankruptcy court's order denying Grace's motion to modify the injunction for lack of subject matter jurisdiction, and remand for the bankruptcy court to address that motion on the merits.

Dated: May 28, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:     (312) 861-2000
Facsimile:     (312) 861-2200

Barbara M. Harding
Amanda C. Basta
Brian T. Stansbury
655 Fifteenth Street, NW
Washington, DC 20005
Telephone:     (202) 879-5000
Facsimile:     (202) 879-5200

- and -

PACHULSKI, STANG, YOUNG & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400

*Co-Counsel for Appellants*

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. Grace & Co., *et al.*, | ) | Civil Action No. 08-246 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| W. R. Grace & Co., *et al.,* and | ) | |
| the State of Montana | ) | |
| | ) | Bankruptcy Case No. 01-1139 |
| Appellants, | ) | Adversary Case No. 01-771 |
| | ) | Appeal No. 08-19 |
| v. | ) | |
| | ) | |
| Libby Claimants, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 28th day of May, 2008, I caused a

copy of the following documents to be served on the individuals on the attached service list in

the manner indicated:

**APPELLANTS BRIEF.**

James E. O'Neill (Bar No. 4042)

**W.R. Grace – Montana District Court Appeal Service List [08-246]**
Dist. Ct. Case No. 08-246
Doc. No. 137705
03 – Hand Delivery

*Hand Delivery*
(Appellant - State of Montana)
Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Womble Carlyle Sandridge & Rice PLLC
222 Delaware Avenue, 15th Floor
Wilmington, DE  19801

*Hand Delivery*
(Appellee - Libby Claimants)
Kerri King Mumford, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE  19899

*Hand Delivery*
(Appellee - Official Committee of Asbestos Personal Injury Claimants)
Marla Rosoff Eskin, Esquire
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE  19801

W. R. Grace Core Group Service List
Case No. 01-1139 (JKF)
Document Number: 27348
07 – Hand Delivery
11 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Equity Committee Counsel)
Teresa K. D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

*First Class Mail*
(Counsel to Debtor)
David B. Bernick, P.C.
Janet Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*First Class Mail*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Douglas Mannal, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel for David T. Austern)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE 19806