IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: W.R. GRACE & CO., *et al.*, | : |
| Debtors. | : |
| _____ | : CIVIL ACTION NO. 08-246 |
| | : |
| W.R. GRACE & CO., *et al.*, | : BANKRUPTCY CASE NO. 01-1139 |
| | : ADV. PROC. NO. 01-771 |
| Appellants, | : |
| v. | : |
| LIBBY CLAIMANTS, | : |
| Appellees. | : |
| _____ | : |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                              August 12, 2008

        Presently before the Court are Appellants W.R. Grace & Co., *et al.*'s ("Grace" or "Debtors") Motion for Leave to Appeal Order Denying Injunction (Adv. Proc. Docket No. 495) and Appellees Libby Claimants' Opposition (Adv. Proc. Docket No. 505), as well as Appellant State of Montana's Brief on Appeal (Docket No. 10), Appellants Debtors' Brief on Appeal (Docket No. 12), and Appellees Libby Claimants' Brief on Appeal (Docket No. 14). For the reasons set forth below, Appellants Debtors' motion for leave to appeal is granted, and upon consideration of the appeal itself, the Court affirms the Bankruptcy Court's order denying expansion of the preliminary injunction.

**I.  BACKGROUND[1]**

---

[1] The parties are well versed in the facts and procedural history, and therefore the Court lists only those facts necessary to this appeal.

On April 2, 2001, Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  On the same date, Debtors filed an adversary complaint seeking to stay asbestos-related litigation against various affiliates of Debtors and third parties whose purported asbestos liability was derivative of Debtors' liability.  The Bankruptcy Court entered a preliminary injunction barring such actions on May 3, 2001.[2]  On January 22, 2002, the Bankruptcy Court modified the scope of the preliminary injunction to include certain additional affiliates and to reinstate the bar against the commencement of new actions against affiliates arising from alleged exposure to asbestos, whether indirectly or directly caused by Debtors.[3]

The Appellees in this matter, referred to as the "Libby Claimants," constitute individuals allegedly injured by exposure to asbestos from Debtors' mining operations in Lincoln County, Montana.  On February 4, 2002, certain Libby Claimants sought to modify the preliminary injunction discussed above in order to pursue an alleged direct cause of action against Maryland Casualty Company ("MCC"), one of Debtors' insurers.[4]  The Bankruptcy Court denied the Libby Claimants' motion, a decision that was ultimately affirmed by the United States Court of Appeals for the Third Circuit.  *In re W.R. Grace & Co. (Gerard v. W. R. Grace & Co.)*, 115 Fed. Appx. 565 (3d Cir. 2004).  The Libby Claimants thereafter attempted to pursue their asbestos personal injury claims arising out of Debtors' mining operations in Libby, Montana by commencing suit against Montana Vermiculite Company ("MVC"), the former owners of

---

[2][Adv. Proc. D.I. 32.]

[3][Adv. Proc. D.I. 87.]

[4][Adv. Proc. D.I. 85.]

Debtors' mining operations. On February 25, 2005, the Bankruptcy Court amended the preliminary injunction to stay actions against MVC.[5]

Meanwhile, prior to and after the April 2, 2001 petition date, the Libby Claimants have pursued a number of actions in state court against the State of Montana (the "state court actions"), alleging negligence for failing to warn the Libby Claimants of the risks of asbestos at Debtors' work place and mine in Libby, Montana. On March 25, 2003, the State of Montana filed claims against Debtors in Bankruptcy Court, seeking contribution and indemnification in the pending state court actions.

On August 22, 2005, Debtors filed a motion in Bankruptcy Court seeking to expand the preliminary injunction ("injunction motion") to include the state court actions filed against the State of Montana.[6] The Libby Claimants filed an opposition to Debtors' injunction motion,[7] joined by the Official Committee of Asbestos Personal Injury Claimants ("PI Committee").[8] The State of Montana filed a response in which it did not object to the injunction motion unless the relief affected certain of Montana's rights.[9]

The Bankruptcy Court held a hearing on Debtors' injunction motion on December 19, 2005, after which the Bankruptcy Court imposed a temporary stay of the state court actions while the Court considered the matter. On April 16, 2007, the Bankruptcy Court entered an order

---

[5][Adv. Proc. D.I. 358.]

[6][Adv. Proc. D.I. 359.]

[7][Adv. Proc. D.I. 363.]

[8][Adv. Proc. D.I. 365.]

[9][Adv. Proc. D.I. 362.]

denying Debtors' injunction motion, finding that "related-to subject matter jurisdiction [did] not exist for the purpose of expanding the injunction to include the state court actions."[10] Debtors and the State of Montana subsequently filed motions for reconsideration,[11] to which the Libby Claimants and the PI Committee filed objections.[12] On May 21, 2007, the Bankruptcy Court held oral arguments and again temporarily stayed the state court actions pending reconsideration. On March 31, 2008, the Bankruptcy Court denied the motions for reconsideration, again finding that the Bankruptcy Court lacked subject matter jurisdiction over the state litigation.[13]

On April 11, 2008, Debtors filed a motion for leave to appeal the Bankruptcy Court's Order denying Debtors' injunction motion, and the State of Montana joined in Grace's motion. The Libby Claimants filed an opposition to the motion. The parties have also filed briefs of the underlying appeal in anticipation of the Court's ruling. Specifically, Debtors and the State of Montana contend that the Bankruptcy Court erred in finding that related-to jurisdiction, under 28 U.S.C. §1334(b), to expand the injunction did not exist.

## II. DISCUSSION

### A. Leave to Appeal Interlocutory Order

Debtors and the State of Montana seek leave to appeal the Bankruptcy Court's Order denying expansion of the preliminary injunction to include the Libby Claimants' state court actions against the State of Montana. Section 158(a)(3) of Title 28 of the United States

---

[10][Adv. Proc. D.I. 419 and 420.]

[11][Adv. Proc. D.I. 427 and 426.]

[12][Adv. Proc. D.I. 442 and 443.]

[13][Adv. Proc. D.I. 484 and 485.]

Code gives this court jurisdiction to hear appeals, with leave of court, from interlocutory orders and decrees. 28 U.S.C. § 158(a)(3). In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. §1292(b), which governs whether an appeal of an interlocutory order of a district court to a court of appeals is warranted. *In re Edison Bros. Stores, Inc.*, Civ. A. No. 96-177, 1996 WL 363806, at *3 (D. Del., June 27, 1996) (citing *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del.), *aff'd*, 884 F.2d 1383 (3d Cir. 1989)). An appellant must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *Delaware & Hudson,* 96 B.R. at 473. In addition to the requirement of establishing exceptional circumstance, a court will grant an interlocutory appeal only if the order at issue: (1) involves a controlling question of law as to which there is (2) substantial ground for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Id.*

Applying the facts and circumstances here, the Court finds an interlocutory appeal of the Bankruptcy Court's order denying expansion of the preliminary injunction to be warranted. In short, the parties' arguments of conflicting legal precedents, combined with the impact of the Bankruptcy Court's Order, satisfy the requirements necessary to justify an immediate appeal. Therefore, the Court grants Debtors' motion for leave to appeal the Bankruptcy Court's Order denying the injunction motion, and will now address the appeal itself.

### B. Appeal of Bankruptcy Court Order Denying Debtors' Injunction Motion

At issue is whether the Bankruptcy Court erred in denying expansion of the preliminary injunction to include the state court actions based on a finding that the court lacked

5

related-to subject matter jurisdiction. This Court must accept the Bankruptcy Court's factual determinations unless those determinations are clearly erroneous. *See* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."). The Court reviews the Bankruptcy Court's legal decisions *de novo*. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

In accordance with 11 U.S.C. § 105(a), a bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 105(a), however, "does not provide an independent source of federal subject matter jurisdiction." *In re Combustion Engineering, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004). Therefore, a bankruptcy court must establish subject matter jurisdiction before considering the merits of a § 105(a) injunction.

Pursuant to 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The district court may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Proceedings "related to" a title 11 case include "suits between third parties that conceivably may have an effect on the bankruptcy estate." *Combustion Engineering*, 391 F.3d at 226 (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)). A bankruptcy court's "related to" jurisdiction, however, is not without limit. *Celotex*, 514 U.S. at 308; *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

In *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), the Third Circuit set forth the test for determining "related to" jurisdiction over third-party claims.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* at 994 (emphasis in original and citations omitted). *Pacor* involved a suit brought by John and Louise Higgins against a distributor of chemical supplies (Pacor) for injuries allegedly caused by exposure to asbestos contained in Pacor's products. Pacor thereafter filed a third-party complaint impleading the original asbestos manufacturer, the Johns-Manville Corporation, which subsequently filed for Chapter 11 bankruptcy. In response to Pacor's attempts to remove the Higgins-Pacor action to Bankruptcy Court where the Johns-Manville bankruptcy was proceeding, the Third Circuit denied removal finding that the Higgins-Pacor action was not "related to" the Johns-Manville bankruptcy proceedings because "[a]t best, it [was] a mere precursor to the potential third party claim for indemnification by Pacor against Manville." *Id.* at 995.

The Third Circuit affirmed the validity of the *Pacor* test in *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3d Cir. 2002), where thousands of individuals brought asbestos-related tort claims in state courts against various manufacturers and distributors of certain friction products, such as automobile break pads. Federal-Mogul, a maker of such products, thereafter filed for Chapter 11 bankruptcy, prompting other defendants to seek removal of their remaining state court actions to the Federal-Mogul bankruptcy proceeding. Rejecting a broader application of the *Pacor* test, the Third Circuit reiterated that the "test articulated in *Pacor* for whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of yet

...

another lawsuit." *Id.* at 382.  Because the indemnification claims of the remaining friction-product defendants had not yet accrued and would require another lawsuit prior to having an impact on Federal-Mogul's bankruptcy proceeding, the Third Circuit was unwilling to reverse the District Court's finding that it lacked related-to subject matter jurisdiction.  *Id.*

       Turning to the facts presented here, the relationships are analogous to those in *Pacor* and *Federal-Mogul*.  Debtors will not be bound by a judgment against the State of Montana in the state court actions; a separate adjudication is necessary to affect Debtors' estate.  Notwithstanding the State of Montana's pending proof of claim in the bankruptcy proceedings, their potential indemnification claim against Debtors is not contractual and thus insufficient to establish "related-to" jurisdiction under the well established Third Circuit precedent highlighted above.

       Debtors and the State of Montana argue that the situation presented here is identical to that in *In re W.R. Grace & Co. (Gerard, et al. v. W.R. Grace & Co., et al.)*, 115 Fed. Appx. 565 (3d Cir. 2004), a decision stemming from this very same bankruptcy proceeding.  In *Gerard*, the Third Circuit vacated the District Court's order vacating the Bankruptcy Court's order, effectively allowing claims against MCC, Debtors' workers compensation carrier, to remain subject to the protection of the preliminary injunction.  This Court disagrees and finds that *Gerard* is distinguishable from the facts here.  While Appellants are correct in that the Libby Claimants' theory of liability asserted against MCC in *Gerard* is almost the same as the theory asserted against the State of Montana, *Gerard* is nonetheless distinguishable on several grounds.  The Third Circuit described the issue in *Gerard* as "not whether [the Bankruptcy Court] should exercise jurisdiction over suits pending elsewhere, nor even whether it should enjoin such suits,

8

but rather, whether it should modify an injunction already entered in the Bankruptcy Court in favor of Grace and MCC." *Gerard*, 115 Fed. Appx. at 567. Here, unlike *Gerard* where the an injunction was already in place as to MCC, Debtors are seeking to expand the injunction to include the State of Montana. Had the Libby Claimants sought to modify an injunction already issued under section 105(a) as to the State of Montana, the analysis may have been different. However, in assessing whether to expand an injunction to include additional parties, as is the case here, the Bankruptcy Court was correct to first analyze jurisdiction.

Furthermore, the facts of *Gerard* are distinguishable. In *Gerard*, MCC asserted contractual indemnity rights which could have a direct impact on the estate.[14] At issue here is a potential common law indemnification claim against Debtors pending the outcome of the state action, which falls far short of direct or automatic liability on the part of Debtors' estate. Both *Pacor* and *Federal-Mogul* addressed this distinction and specifically found that indemnification claims that had not yet accrued, such as the indemnification claim here, were insufficient in establishing "related-to" jurisdiction. *Pacor*, 743 F.2d at 995; *Federal-Mogul*, 300 F.3d at 382. Therefore, the Court is unpersuaded by the State of Montana and Debtors' contention that the facts in *Gerard* are identical to the facts here.

Appellants also argue that the Third Circuit's ruling in *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2004), highlights additional factors that weigh in favor

---

[14]The preliminary injunction entered by the Bankruptcy Court specifically enjoining actions against MCC was based in part on a settlement agreement between Grace and MCC (dated September 1, 1991), whereby "Grace agreed to release and indemnify MCC against any future asbestos-related claims filed against MCC that arose out of alleged liability on the part of Grace." *Gerard*, 115 Fed. Appx. at 567. The Libby Claimants subsequently filed a motion to modify the scope of the injunction, thereby prompting the Third Circuit's holding in *Gerard*.

of finding jurisdiction to expand the injunction. Specifically, Appellants contend that under *Combustion Engineering*, the Court should consider factors of "derivative liability" and "unity of interest," which both exist here. The Court disagrees. To the extent that *Combustion Engineering* may establish additional considerations, those considerations do not support a finding of jurisdiction in this case. In *Combustion Engineering*, the Third Circuit discussed "unity of interest" and "derivative liability" in the context of explaining the Sixth Circuit's finding of "related to" jurisdiction in *In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996), a decision where the personal injury liability of both the debtor and non-debtor defendant was based on a single product. *Combustion Engineering*, 391 F.3d at 230. In *Dow Corning*, " 'each of the co-defendants was closely involved in using the same material, originating with the debtor, to make the same, singular product, sold to the same market and incurring substantially similar injuries,' " thus creating a unity of identity between co-defendants and debtors. *Id.* at 231 (quoting *Aronold v. Garlock, Inc.*, 278 F.3d 426, 440 (5th Cir. 2001). While mentioning these additional factors, the Third Circuit concluded that they did not establish "related to jurisdiction" in *Combustion Engineering* because common production sites alone were an insufficient "basis for the kind of 'unity of interest' that could give rise to 'related to' jurisdiction." *Combustion Engineering*, at 391 F.3d 232.

    Similarly, these alleged additional factors do little to support Appellants' appeal here. The claims brought against the State of Montana by the Libby Claimants are a result of the State of Montana's alleged failure to warn the Libby Claimants of the risks of asbestos at Debtors' work place. While the claims arguably arise from a common production site, the State of Montana and Debtors have neither the "unity of interest" or "derivative liability" presented in

*Dow Corning* to justify "related to" jurisdiction. Montana's liability is predicated on its own alleged violation of a governmental duty imposed under Montana law. Therefore, the Court declines to find that these additional factors establish "related to" jurisdiction for the purpose of expanding the preliminary injunction.

The Court is bound by the long standing Third Circuit precedent of *Pacor* and *Federal-Mogul*. The relationships here are analogous in that the state court actions simply have the potential to give rise to a common law indemnification claim against Debtors pending the outcome. Therefore, the Court concludes that related-to subject matter jurisdiction does not exist for the purpose of expanding the injunction to include the state court actions.

## III.  CONCLUSION

For the reasons stated above, the Bankruptcy Court's Order denying Debtors' request to expand the preliminary injunction to include the state court actions is affirmed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: W.R. GRACE & CO., *et al.*, : | |
| : | |
| Debtors. : | |
| _____ : | CIVIL ACTION NO. 08-246 |
| : | |
| W.R. GRACE & CO., *et al.*, : | BANKRUPTCY CASE NO. 01-1139 |
| : | ADV. PROC. NO. 01-771 |
| Appellants, : | |
| : | |
| v. : | |
| : | |
| LIBBY CLAIMANTS, : | |
| : | |
| Appellees. : | |
| _____ : | |

**ORDER**

**AND NOW**, this 12th day of August, 2008, upon consideration of Appellants W.R. Grace & Co., *et al.*'s ("Grace" or "Debtors") Motion for Leave to Appeal Order Denying Injunction (Adv. Proc. Docket No. 495) and Appellees Libby Claimants' Motion in Opposition (Adv. Proc. Docket No. 505), as well as Appellant State of Montana's Brief on Appeal (Docket No. 10), Appellants Debtors' Brief on Appeal (Docket No. 12), and Appellees Libby Claimants' Brief on Appeal (Docket No. 14), it is hereby **ORDERED** that Appellants Debtors' Motion for Leave to Appeal is **GRANTED**. It is further **ORDERED** that the Bankruptcy Court's Order, dated April 13, 2007, Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana (Adv. Proc. Docket No. 419) is **AFFIRMED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.