**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

In re: W.R. GRACE & CO., et al.
_____

| | | |
|---|---|---|
| W.R. GRACE & CO., et al., and the STATE of MONTANA, | : : : | CIVIL ACTION NO. 08-246 |
| Appellants, | : : | |
| v. | : : | Bankruptcy Case No. 01-1139 Adversary Case No. 01-771 |
| LIBBY CLAIMANTS, | : : : | |
| Appellee. | : : | |

_____

**<u>MEMORANDUM</u>**

BUCKWALTER, S. J.                                                                                    October 28, 2008

        Before the Court is the State of Montana's ("Montana") Motion for Stay Pending Appeal (Doc. No. 17), Debtor-Appellant W.R. Grace and Co.'s ("Debtors") Joinder in Motion for Stay Pending Appeal (Doc. No. 20), the Libby Claimants Opposition to Motion for Stay Pending Appeal (Doc. No. 21), and Montana's Reply to the Libby Claimants Opposition to Motion for Stay Pending Appeal (Doc. No. 31). For the reasons discussed below, Montana's Motion for Stay is denied.

**I. PROCEDURAL BACKGROUND**[1]

        On April 2, 2001, Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On the same date, Debtors filed an adversary complaint

---

[1] The parties are well versed in the facts and procedural history, and therefore the Court lists only those undisputed facts necessary to this appeal.

seeking to stay asbestos-related litigation against various affiliates of Debtors and third parties, whose purported asbestos liability was derivative of Debtors' liability.  The Bankruptcy Court entered a preliminary injunction barring such actions on May 3, 2001.[2]  On January 22, 2002, the Bankruptcy Court modified the scope of the preliminary injunction to include certain additional affiliates and to reinstate the bar against the commencement of new actions against affiliates arising from alleged exposure to asbestos, whether indirectly or directly caused by Debtors.[3]

The Appellees in this matter, referred to as the "Libby Claimants," constitute individuals allegedly injured by exposure to asbestos from Debtors' mining operations in Lincoln County, Montana.  On February 4, 2002, certain Libby Claimants sought to modify the preliminary injunction discussed above in order to pursue an alleged direct cause of action against Maryland Casualty Company ("MCC"), one of Debtors' insurers.[4]  The Bankruptcy Court denied the Libby Claimants' motion, a decision that was ultimately affirmed by the United States Court of Appeals for the Third Circuit.  In re W.R. Grace & Co. (Gerard v. W. R. Grace & Co.), 115 Fed. Appx. 565 (3d Cir. 2004).  The Libby Claimants thereafter attempted to pursue their asbestos personal injury claims arising out of Debtors' mining operations in Libby, Montana by commencing suit against Montana Vermiculite Company ("MVC"), the former owners of Debtors' mining operations.  On February 25, 2005, the Bankruptcy Court amended the preliminary injunction to stay actions against MVC.[5]

---

[2] [Adv. Proc. D.I. 32.]

[3] [Adv. Proc. D.I. 87.]

[4] [Adv. Proc. D.I. 85.]

[5] [Adv. Proc. D.I. 358.]

Meanwhile, prior to and after the April 2, 2001, petition date, the Libby Claimants pursued a number of actions in state court against the State of Montana (the "state court actions"), alleging negligence for failing to warn the Libby Claimants of the risks of asbestos at Debtors' work place and mine in Libby, Montana. On March 25, 2003, the State of Montana filed claims against Debtors in Bankruptcy Court, claiming contribution and indemnification in the pending state court actions.

On August 22, 2005, Debtors filed a motion in Bankruptcy Court seeking to expand the preliminary injunction ("injunction motion") to include the state court actions filed against the State of Montana.[6] The Libby Claimants filed an opposition to Debtors' injunction motion,[7] joined by the Official Committee of Asbestos Personal Injury Claimants ("PI Committee").[8] The State of Montana filed a response in which it did not object to the injunction motion unless the relief affected certain of Montana's rights.[9]

The Bankruptcy Court held a hearing on Debtors' injunction motion on December 19, 2005, after which the Bankruptcy Court imposed a temporary stay of the state court actions while it considered the matter. On April 16, 2007, the Bankruptcy Court entered an order denying Debtors' injunction motion, finding that "related-to subject matter jurisdiction [did] not exist for the purpose of expanding the injunction to include the state court actions."[10] Debtors

---

[6] [Adv. Proc. D.I. 359.]

[7] [Adv. Proc. D.I. 363.]

[8] [Adv. Proc. D.I. 365.]

[9] [Adv. Proc. D.I. 362.]

[10] [Adv. Proc. D.I. 419 and 420.]

and the State of Montana subsequently filed motions for reconsideration,[11] to which the Libby Claimants and the PI Committee filed objections.[12]  On May 21, 2007, the Bankruptcy Court held oral arguments and again temporarily stayed the state court actions pending reconsideration. On March 31, 2008, the Bankruptcy Court denied the motions for reconsideration, again finding that the Bankruptcy Court lacked subject matter jurisdiction over the state litigation.[13]

On April 11, 2008, Debtors filed a motion for leave to appeal the Bankruptcy Court's Order denying Debtors' injunction motion, and the State of Montana joined in Grace's motion.  The Libby Claimants filed an opposition to the motion. The parties have also filed briefs of the underlying appeal in anticipation of the Court's ruling.  Specifically, Debtors and the State of Montana contend that the Bankruptcy Court erred in finding that related-to jurisdiction, under 28 U.S.C. §1334(b), to expand the injunction did not exist.

On April 29, 2008, this Court received a Notice of Appeal Regarding Bankruptcy Judge Keith's March 27, 2008, Order and Memorandum denying the Motion for Reconsideration of the Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction Entered April 16, 2007.[14] (Dkt. No. 1.)  Debtors also appealed Judge Fitzgerald's Order and Memorandum Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana.[15] (Id.)

---

[11] [Adv. Proc. D.I. 427 and 426.]

[12] [Adv. Proc. D.I. 442 and 443.]

[13] [Adv. Proc. D.I. 484 and 485.]

[14] [Bankr. Dkt. No. 483 and 484.]

[15] [Bankr. Dkt. No. 419 and 420.]

On August 12, 2008, this Court issued a Memorandum and Order granting Appellant Debtors' Motion for Leave to Appeal, and affirming the Bankruptcy Court's April 13, 2007, Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana (Doc. No. 15).  On August 29, 2008, the State of Montana filed of Appeal and a Motion for Stay Pending Appeal (Doc. Nos. 16 & 17).  On September 13, 2008, Debtors filed a Joinder in Motion for Stay Pending Appeal (Doc. No. 20).  On August 13, 2008, the Libby Claimants filed an Opposition to Motion for Stay Pending Appeal, (Doc. No. 21), and on September 25, 2008, Montana filed its Reply to the Libby Claimants Opposition to Motion for Stay Pending Appeal (Dkt. No. 31).

## II.  LEGAL DISCUSSION

Montana asserts that a stay should be granted because (1) the moving party is likely to succeed on the merits, (2) the moving party will suffer irreparable injury absent relief, (3) granting relief will not harm other interested parties, and (4) granting the motion will best serve the public interest.  (Appellant's Mot. for Stay 5-6; see also Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The Libby Claimants argue that a stay should be denied as Montana cannot meet these factors.  (Appellee's Opp. to Mot. 1.)  More basically, the Libby Claimants contend that this Court lacks jurisdiction to consider Montana's Motion.  (Id.)

### A.   **This Court Possesses Jurisdiction to Hear Montana's Motion for Stay**

Before addressing the merits of Montana's Motion for Stay, this Court must determine whether it possesses jurisdiction to hear the Motion.  According to the Libby Claimants, Montana's "filing of the Notices of Appeal divested this Court of jurisdiction to consider the Stay Motion."  (Id. at 5.)  This argument is based upon the Libby Claimant's reading

of Federal Bankruptcy Rule 8017, which states that the Rule "contemplates the grant of a stay by the district court only in the period before an appeal is taken to a court of appeals." (Id. at 3.) Claimants also cite, three District of Delaware cases which held that issuance of a stay, under Rule 8017, was barred after a notice of appeal was filed. See In re AWC Liquidation Corp., 292 B.R. 239, 241 (D. Del. 2003); In re Westminster Co., 74. B.R. 37, 38 (D. Del. 1987); see also In re Peregrine Sys., Inc., 312 B.R. 755, 756 (D. Del. 2004).

Courts are divided as to whether a bankruptcy appellate panel ("BAP") or district court may enter a stay after the moving party files a notice of appeal. Compare In re One Westminster Co. Inc., 74 B.R. 37, 38 (D.Del.1987) (district court has no jurisdiction to consider motion for stay) with In re Miranne, 852 F.2d 805, 806 (5th Cir.1988) (*per curiam*) (district court has jurisdiction to consider motion for stay); In re Olick, Civ. A. No. 96-784, 1996 WL 287344, *1 (E.D. Pa. May 29,1996) (same); In re KAR Dev. Assocs., 182 B.R. 870, 872 (D. Kan.1995); In re Winslow, 123 B.R. 647, 647-48 n.1 (D. Colo.1991) (same); see also In re Imperial Real Estate Corp., 234 B.R. 760 (9th Cir. BAP 1999) (there is nothing in Rule 8017(b) that prohibits the issuance of a stay after the notice of appeal is filed). While there is difference of opinion between courts, "most have concluded that the district court retains jurisdiction to entertain a motion to stay even after the movant has appealed to a court of appeal." In re AWC Liquidation Corp., 292 B.R. at 241.

After examining, the history and purpose of Rule 8017, this Court sides with the majority in concluding that jurisdiction is retained to hear Montana's Motion to Stay.

1. **Rule 8017(b) Does Not Provide for Stays Only in the Period Prior to Filing an Appeal**

The Libby Claimants assert that while Rule 8017(b) provides for a "stay pending appeal to the court of appeals," such stays are permitted only in the period after a decision and prior to the filing of an appeal. (Appellee's Opp. to Mot. 3); see In re AWC Liquidation Corp., 292 B.R. at 241 ("clearly, the Rule is meant to allow a party to seek a stay of the lower court's ruling pending the *filing* of an appeal."). Such a reading of Rule 8017(b) renders the rule a nullity and misunderstands the history of the term "pending appeal."

      **a.**      **Libby Claimants' Interpretation of Rule 8017 Would Render Stays Under Rule 8017(b) a Practical Impossibility**

Federal Rule of Appellate Procedure 4 provides that "in a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). If Libby Claimants are correct, the stay provisions in Federal Bankruptcy Rule 8107(b) only applies for the thirty days when an appeal may be filed under Federal Rule of Appellate Procedure 4. This time frame is further constrained by the nature of motion practice.

In the Eastern District of Pennsylvania, Local Rules provide parties with fourteen days to respond to a motion. The District does not provide any specific guidance regarding reply or surreply briefs. E.D. PA CIV. P. 7.1(c); see also Eastern District of Pennsylvania Judges' Procedures ("Judge Buckwalter follows Local Rules motion practice, which contains no specific reference to reply or surreply briefs. Counsel should immediately notify the court of his or her intention to file a reply brief or surreply by letter addressed to the judge's secretary.") The

Eastern District of Pennsylvania Judges' Procedures, The Honorable Ronald L. Buckwalter, http://www.paed.uscourts.gov/us08001.asp (last visited Oct. 24, 2008.)

Using the present case as an example, if Montana had filed a motion for stay the day after the Court's denial of its appeal, Libby Claimants would have had 14 days to respond to this motion. As a result, fifteen days could pass before a response was due. Factoring in replies, surreplies, and the time necessary for court preparation, it is unlikely that any stay would be in place before an appeal must be filed under Federal Rule of Appellate Procedure 4. Such a process would be utterly inefficient and make stays under Rule 8017(b) a practical impossibility.

### b. "Pending" Appeal Refers to the Entire Pendency of Appeal

Libby Claimants suggest that time "pending appeal" is only for the period prior to the filing of an appeal. Practically, this assertion not only makes little sense, but also reads too much into the Rule. While Rule 8017(b) clearly permits motions for stay prior to the filing of an appeal, nothing in the text of Rule 8017(b) prohibits filing a motion for stay after filing a notice of appeal. Libby Claimants' conclusion lacks a textual basis, misconstrues "pending appeal," and runs counter to the clear intention of the rules of bankruptcy and civil procedure.

#### i. "Pending Appeal" as Applied to Other Rules of Procedure

Federal Rule of Bankruptcy Procedure 8005 envisions that stays be first sought from the bankruptcy court pending an appeal to the BAP or district court. See FEDERAL RULE OF BANKRUPTCY PROCEDURE 8005 ("A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.") The bankruptcy court

retains authority "*during the pendency of an appeal* on such terms as will protect the rights of all parties in interest." Id. (emphasis added).

Likewise, Federal Rule of Appellate procedure 8(a) requires that a party seek a stay from the district court when appealing the district court's judgment to the court of appeals. See McClendon v. City of Albuquerque, 79 F.3d 1014 (10th Cir. 1996) ("Fed. R. App. P. 8(a) requires that an application for a stay must ordinarily be made first in the district court.")  These rules suggest that the first place to seek a stay is at the court whose decision is the basis for the stay.  They in no way indicate that filing of an appeal in any way divests the BAP or district court of jurisdiction.  Given this, the most logical reading of Rule 8017(b) would suggest that, like Bankruptcy Rule 8005 and Appellate Rule 8, stays may be issued by the court of original jurisdiction before or after a notice of appeal has been filed.

### ii.     History and Origins of Rule 8017(b)

Libby Claimants' analysis of Rule 8017 fails to consider its history and context. The heading for Rule 8017(b) is entitled "Stay pending appeal to the court of appeals."  The heading for Federal Rule of Civil Procedure 62(c) refers to "injunctions pending appeal," and Federal Rule of Appellate Procedure 8 is entitled "Stay or Injunction Pending Appeal."  FED. R. CIV. P. 62(c); FED. R. APP. P. 8.  It stands to reason that "pending appeal" would have the same meaning for all three rules thereby covering either the period prior to filing an appeal or the entire pendency of an appeal.

Rule 62(c) is particularly instructive as Bankruptcy Rule 8107 "is derived from Rule 62 F.R.Civ.P. and Rule 41 F.R.App.P." FED. R. BANKR. P. 8017 ADVISORY COMMITTEE NOTES (1983 Amendment).  Wright, Miller & Kane note that Rule 62(c) "authorizes the trial

9

court to suspend, modify, restore, or grant an injunction during the pendency of an appeal in injunction cases." 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2904 (1995).

Further, the Administrative Notes to Rule 8107 state that "[s]ubdivision (b) vests in the district courts and the bankruptcy appellate panels the same authority the courts of appeals have under Rule 41(b) F. R. App. P. to stay their judgments pending appeal." FED. R. BANKR. P. 8017 ADVISORY COMMITTEE NOTES (1983 Amendment). In ASUSTek Computer Inc. v. Ricoh Co., Ltd., Civ. A. No. 07-01942, 2007 WL 4190689, *3 (N.D. Cal. Nov. 21, 2007), the court noted "that Federal Rule of Appellate Procedure 41(d) grants circuit courts the power to 'stay the issuance of a mandate pending review by the Supreme Court.'" See also Hawaii Housing Auth. v. Midkiff, 463 U.S. 1323, 1324 (1983) (Rehnquist, J., in chambers) ("Whatever the current application of the so-called jurisdictional shift theory to modern appellate procedure, it is well-settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal, even to this Court").

Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure guided the creation of Federal Bankruptcy Rule of Procedure 8017, and both clearly permit lower courts to issue stays during the entire pendency of an appeal. Based on the history and construction of Rule 8017, it is reasonable to conclude Rule 8017 applies during the entire pendency of appeal.

    **2.**    **A Motion to Stay is one of the Limited Instances Where Lower Courts Retain Jurisdiction After the Filing of an Appeal**

Libby Claimants argue that this Court lacks jurisdiction to hear the motion given that "Fed. R. Bankr. P. 8017(c) suggests, once an appeal is taken to a court of appeals, the power to stay the proceeding rests with the appellate court, not with the district court." (Appellee's Opp. Mot. to Stay 4.)  This assertion comports "with the well-established principle that a district court is divested of jurisdiction once an appeal is filed in an appellate court."  (Id.); see In re Westminster Co., 74. B.R. at 38 (the rule "suggests that the power to stay proceedings once an appeal is taken rests with the appellate court"); In re AWC Liquidation Corp., 292 B.R. at 241 (same).

Generally, the filing of a notice of appeal "is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58-59 (1982); see also SEC v. Investors Sec. Corp., 560 F.2d 561, 568 (3d Cir. 1977).  However, this Circuit has identified several "'limited' instances in which a district court retains its power to act" after filing of an appeal such as "review attorney's fees applications, order the filing of bonds, modify or grant injunctions, issue orders regarding the record on appeal, and vacate bail bonds and order arrests."  In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261, 267-68 (3d Cir. 2005) (citing Venen v. Sweet, 758 F.2d 117, 120 n.2 (3d Cir. 1985)).  The Third Circuit did not suggest that "these are the only circumstances in which a district court retains power to act," but it did provide that "the instances in which such power is retained are limited."  Id.

It is reasonable to conclude that motions to stay are one of those limited instances where the district court retains jurisdiction after filing of an appeal.  Generally, motions to stay

do not impinge upon appellate court review but rather assist "in maintaining the true status quo pending appeal." Sansom Cmte. v. Tr. of the Univ. Pa., 735 F.2d 1552, 1554 (3d Cir. 1984) ("it is well recognized that a district court possesses residual jurisdiction to enter orders to assist in maintaining the true status quo pending disposition of an appeal.") (citing Hoffman v. Beer Divers & Salesman's Local Union No. 888, 536 F.2d 1268, 1276 (9th Cir. 1976)).

As noted previously, Libby Claimants argue that this Court lacks jurisdiction to hear the motion given that "Fed. R. Bankr. P. 8017(c) suggests, once an appeal is taken to a court of appeals, the power to stay the proceeding rests with the appellate court, not with the district court." (Appellee's Opp. Mot. to Stay 4.)

Rule 8017(c) provides

[t]his rule does not limit the power of a court of appeals or any judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment.

Fed. Bankr. R. 8017(c). The Advisory Committee Notes to Rule 8017(c) state that "[s]ubdivision (c) is the same as Rule 62(g) F.R.Civ.P."[16] FED. R. BANKR. P. 8017 ADVISORY COMMITTEE NOTES (1983 Amendment). As a result, Bankruptcy Rule 8017(c) and Federal Rule of Civil Procedure 62(g) must have the same practical effect – either both or neither of the rules either provide that the authority to issue a stay is with the higher court. The latter reading is more plausible.

---

[16] Federal Rule of Civil Procedure 62(g)(1) provides: "This rule does not limit the power of the appellate court or one of its judges or justices: to stay proceedings — or suspend, modify, restore, or grant an injunction — while an appeal is pending." FED. R. CIV. P. 62(g)(1).

Both Rules simply act to preserve the authority of appellate courts. Wright, Miller, and Kane note that

> [l]iterally read the rule is not a grant of power. It is merely a declaration that whatever power the appellate courts have, by virtue of the All Writs Act, Section 1651 of Title 28, or other applicable provision of law is not restricted by Rule 62. Appellate Rule 8, adopted in 1968, speaks to the actions appellate courts and judges can take and may even be regarded as a reiteration of the power that the All Writs Act already provides.

11 WRIGHT, MILLER, & KANE FEDERAL PRACTICE AND PROCEDURE § 2908 (1995).

Further, "[t]he power recognized by Rule 62(g) supplements the similar power given to the trial court by Rule 62(c)." Id. While motions for stay may be made to the appellate court

> applications for action of this kind "ordinarily" must be made in the district court. A motion for such relief may be made to the court of appeals or a judge thereof, but the motion is required to show that application to the district court for the relief sought is not practicable, or that the district court has denied the application, or has failed to afford the relief that the appellant requested.

Id.

While little case law has addressed this matter directly, the analysis provided by our leading commentary on the rules indicates that Federal Rule of Civil Procedure 62(g), and by extension Federal Bankruptcy Rule 8017(c), do not limit the ability of district courts to stay proceedings once an appeal is taken. Based on the totality of the jurisprudence, it is reasonable to conclude that motions for stay are one of those limited instances where the district court retains jurisdiction to order a stay. Accordingly, for the reasons discussed above it is determined that this Court retains jurisdiction to hear Montana's motion for a stay.

  **B.**  **Motion for Stay**

Whether this Court retains jurisdiction to grant a motion for stay is a different question than whether a could *should* grant such a motion. "The test for determining whether to grant a stay pending appeal pursuant to Rule 8017 is the same as that which governs motions made pursuant to Rule 8005." In re Olick, Civ. A. No. 96-784, 1996 WL 287344, *1 (E.D. Pa. May 29,1996) (quoting In re Winslow, 123 B.R. 647, 647 n. 1 (D. Colo.1991). Movants are required to show that (1) they are likely to prevail on the merits of their appeal; (2) without a stay, they will suffer irreparable injury; (3) other interested persons will suffer no substantial harm; and (4) the public interest will not be harmed. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); In re Olick, 1996 WL 287344, at *1. Montana notes that courts in this "Circuit continue to adhere to the principle that if other factors weigh heavily in favor of a stay, the likelihood of success on the merits need not be as compelling." (Appellant's Reply Br. 11.) While this may be the case, Montana has not shown that the other three factors weigh heavily in its favor.

### 1. Montana is Not Likely to Succeed on the Merits

Regarding the first criteria, Montana has not shown that there exists a likelihood of success on appeal. This Court previously rejected Montana's arguments on the merits and has not been provided with new evidence or arguments that previously had not been considered. While Montana disagrees with this Court's analysis, it has provided nothing warranting this Court's reconsideration of its prior determination or suggesting that Montana's appeal likely will be successful.

### 2. Montana Will Not Suffer Irreparable Harm if a Stay is Denied

The parties respective arguments regarding this factor are largely ancillary to the core issue: this Court agreed with the Bankruptcy Court that Montana lacked related-to[17] subject matter jurisdiction and accordingly refused Montana's Motion to expand the injunction to include the state court actions in question. (Id. at 10.) Given the determinations made by the Bankruptcy Court and affirmed by this Court, it is unclear what irreparable harm will accrue absent issuance of a stay, as it has been determined that there does not exist related-to subject matter jurisdiction.

### 3. Libby Claimants Will be Substantially Harmed by Issuance of a Stay

Regarding the third factor, this Court disagrees with Montana's assertion that the "Libby Claimants would not be substantially harmed by the stay" as the "primary alleged wrong has been and continues to be the focus on the Debtors and Debtor's operations." (Id. at 14 (citing Adv. Pr. D.I. 508 at 3).) Libby Claimants assert that members of their class "continue to suffer and die, without medical coverage for end stage care." (Appellee's Opp. Mot. to Stay 10.)

Montana is partially correct. The major source of the harms suffered by the Libby Claimants are due to Debtor's operations. While not asserted by Montana, it is also a matter of

---

[17] Bankruptcy Courts may act only in cases and proceedings within their jurisdiction. Bankruptcy courts have original jurisdiction over: (1) cases under Title 11; (2) proceedings arising under Title 11; (3) proceedings arising in a case under Title 11; and (4) proceedings related to a case under Title 11. 28 U.S.C. § 1334. "A case under Title 11 is the bankruptcy petition itself, a basis for jurisdiction clearly not applicable here. A proceeding fitting within any of the three remaining categories is within the bankruptcy court's jurisdiction and, since the third category is the broadest, a court "need only determine 'whether a matter is at least related to the bankruptcy.' " Donaldson v. Bernstein, 104 F.3d 547, 552 (3d Cir. 1997) (citing In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 264 (3d Cir.1991) (citations omitted)). "Related to" jurisdiction arises if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

fact that members of the Libby Claimants have been suffering and dying as a result of asbestosis for some time. Even so, it would not be accurate to assert that the Libby Claimants would not be substantially harmed by this Court's issuance of a stay. The fact that claimants have been dying for some time in no way undermines the very real harm they continue to suffer. In the case of the Libby Claimants, justice deferred may well be justice denied.

### 4. Public Policy Supports Denial of a Stay

The final factor to weigh when deciding whether to grant a stay is the impact denial of a stay would have upon public policy. Montana argues that public policy is on their side, as the economic cost of litigation, and any damage award, will be paid from the public fisc. (Appellant's Reply Br. 14.) It is beyond the expertise of this Court to determine whether a public policy calculus supports granting a stay. The public fisc is likely being used already to care for the Libby Claimants. An award of damages simply would alter the means by which the public fisc compensates and cares for them.[18] Fortunately, Libby Claimants assert a much more straightforward argument: that of the need for "just, **speedy**, and inexpensive determination of every action." (Appellee's Opp. Mot. to Stay. 11 (citing FED. R. CIV. P. 1).) Saying that this litigation has been proceeding for quite some time is an understatement.[19] Timely resolution of

---

[18] Given the nature of Medicare and Medicaid, a combination of federal and state monies are being used to care for the Libby Claimants. If the Libby Claimants prevail in state court, their award will come entirely from state coffers. This Court fails to see how the potential of having the State of Montana pay for the damages caused by its actions is less preferable than the present scenario where state and federal funds are used. Either scenario involves payment from the public fisc.

[19] To paraphrase Dickens' classic Bleak House: "In re W.R. Grace & Co. drones on..."

this suit is clearly in the interest of public policy.  Granting a stay at this time would only cause further delays – something that is not in anyone's best interest.

After balancing the four enumerated factors, it is determined that Montana's Motion for Stay be denied.

### III.  CONCLUSION

In light of the foregoing, the Court determines that it possesses jurisdiction to hear Montana's Motion for Stay.  However, upon examination of the factors justifying issuance of stay, Montana has failed to meet its burden justifying such a motion.  Accordingly, Montana's Motion for Stay is Denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re: W.R. GRACE & CO., et al.

_____

| | |
|---|---|
| W.R. GRACE & CO., et al., and the STATE of MONTANA, | CIVIL ACTION NO. 08-246 |
| Appellants, | |
| v. | Bankruptcy Case No. 01-1139 |
| | Adversary Case No. 01-771 |
| LIBBY CLAIMANTS, | |
| Appellee. | |

_____

## ORDER

**AND NOW**, this 28th day of October, 2008, upon consideration of Appellant, Montana's, Motion for Stay Pending Appeal (Doc. No. 17), Appellant-Debtors' Joinder in Motion for Stay Pending Appeal (Doc. No. 20), the Appellee, Libby Claimants', Opposition to Motion for Stay Pending Appeal (Doc. No. 21), and Montana's Reply to the Libby Claimants Opposition to Motion for Stay Pending Appeal (Doc. No. 31), it is hereby **ORDERED** that Montana's Motion for Stay is **DENIED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.